The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

William PATTERSON, Defendant–
Appellant.

No. 90CA1027.

Colorado Court of Appeals,
Div. II.

April 23, 1992.

Rehearing Denied May 21, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Kristin Giovanini, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge SMITH.

The defendant, William Patterson, appeals the judgment entered on a jury verdict finding him guilty of sexual assault on a child. We reverse and remand for a new trial.

### I.

The defendant contends that the trial court committed reversible error in substituting jurors once deliberations had begun. We agree.

The record discloses that, approximately thirty minutes after jury deliberations began, the jury foreperson notified the bailiff that one member of the jury knew the victim. The trial court instructed the jury to stop deliberating. And, following an in-chambers evaluation, this juror was dismissed.

Defense counsel did not want to proceed with only eleven jurors, and all parties agreed that a just-dismissed alternate juror would be recalled. The trial court then instructed the jury to suspend deliberations until their number again reached twelve. The court then recessed, and the alternate juror was located and was returned to the courthouse within one hour. Without the court giving further instruction to the jury or the alternate juror and without defendant or his counsel being present, the alternate juror joined the eleven regular jurors in the jury room and deliberations resumed.

The trial court reconvened about three hours later and announced that the jury had reached a verdict. The defendant, prior to reception of the verdict, moved for a mistrial, arguing, in essence, that the manner of the mid-deliberation substitution of jurors had impaired his right to a fair trial. The trial court then questioned the alternate juror about his activities while discharged and before rejoining the jury. It also questioned the regular jurors about the influence, if any, of the juror substitution on their deliberations. Receiving assurances that the jury's deliberations had not been impaired by the substitution, the trial court denied the defendant's motion and received the verdict.

The crux of the defendant's argument is that the manner by which the trial court accomplished the mid-deliberation substitution of a juror failed to ensure that his right to a fair trial would be unimpaired. We agree.

■ The substitution, over objection, of a regular juror who becomes unable to continue deliberations with a discharged alternate juror raises a rebuttable presumption that the defendant's right to a fair trial, indeed, has been prejudiced. *People v. Burnette*, 775 P.2d 583 (Colo. 1989).

■ In *Burnette*, defendant objected to the substitution. Thus, the prime issue there was whether an unauthorized mid-deliberation substitution of a juror, in itself, resulted in reversible error. The Supreme Court held that it did unless accompanied by certain extraordinary precautions to ensure the fairness of the subsequent deliberations.

Here, the situation is somewhat different. Defendant consented to the substitution. Thus, the authority to make the substitution is not in issue.

Rather, the issue here is—does the presumption announced in *Burnette* arise independent of the question of the authority by which the substitution is made? We hold that it does.

The rationale behind the creation of a rebuttable, rather than conclusive, presumption that a mid-deliberation substitution of a juror constitutes the denial of a fair trial does not rest on the fact of the substitution itself. Rather, it is solely dependent upon the precautions taken, in the process of accomplishing the substitution, in order to ensure that subsequent deliberations result in compliance with the constitutional "fair trial" guarantee.

■ Thus, while the defendant here consented to the fact of the substitution, he did not thereby waive his right to challenge

the procedure followed in accomplishing that change in the jury and thereby waive his right to a fair and impartial jury.

In our view, this is the reason that the *Burnette* court ruled that the presumption could be overcome *only* by a showing that the trial court took extraordinary precautions to ensure that the defendant's rights to a fair trial would not be prejudiced by the substitution. In *Burnette*, the precautions were found to be inadequate to achieve this result.

■ We agree with the defendant that the procedures instituted by the trial court here did not meet the *Burnette* standard. Not only was the defendant not present when the actual substitution was made, but neither he, nor his counsel, were aware of the manner in which it was accomplished until after the deliberations had been concluded. Upon discovering this information, defendant promptly raised the objections which form the basis of this appeal.

It is of critical importance that the regular jurors were not questioned by the trial court prior to the substitution regarding their willingness and ability to start deliberations anew with the alternate juror. Indeed, they were never instructed that, as a reconstituted jury, it was vital to the integrity of the deliberative process that they start their deliberations over again from the beginning.

Moreover, the trial court's instruction to "resume" deliberations when they became a jury of twelve may have sent precisely the opposite message, that is, the jurors may have inferred that, upon becoming twelve, their deliberations should continue on from the point at which they had been interrupted. *See generally State v. Trent,* 79 N.J. 251, 398 A.2d 1271 (1979).

In addition, it was not until after the deliberative process had been completed that the alternate juror was questioned about his ability to serve, or as to whether he had received any extraneous information or formed any opinions while discharged.

The overwhelming effect of all these precautionary omissions is that there is, simply, no evidence from which to conclude that the defendant's right to a fair trial was not impaired by the mid-deliberation substitution of a juror. Thus, the presumption of prejudice which attaches in this situation has not been rebutted and the judgment of conviction and sentence cannot stand.

The People argue that because the substitution here occurred shortly after deliberations had commenced and the alternate juror was promptly recalled, the post-deliberation inquiry was adequate to overcome the presumption of prejudice. We disagree.

A post-deliberation inquiry does not aid in maintaining the integrity of the deliberative *process.* It comes too late to inform the jurors how to behave as they proceed "into the process." And, given that, at this juncture, the jurors have completed their consideration of the defendant's case, formulated their positions, and resolved the critical and dispositive issue of the defendant's guilt or innocence, the reliability of a juror's response to an inquiry regarding a *pre-deliberation* state of mind is, quite simply, not reliable.

Finally, the promptness of the substitution here in no way remedies the inefficacy and inherent unreliability of a post-deliberation inquiry.

■ The length of time the jury has deliberated may, indeed, influence the issue of prejudice. *See State v. Corsaro,* 107 N.J. 339, 526 A.2d 1046 (1987). And, it may be true that the longer the delay in inserting a substitute juror into the process the stronger the presumption of prejudice. However, the presumption arises because substitution, in fact, occurred, and the length of deliberations prior to substitution is only one of several factors that are important in determining whether the presumption has been overcome. Thus, the promptness of the substitution cannot, by itself, defeat the presumption.

In light of our disposition of the foregoing issue, we need not address the defendant's other contentions.

1086

The judgment is reversed, and the cause is remanded for a new trial.

HUME and NEY, JJ., concur.